IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **GARY DEASHAN HILL** | § § | |
| **V.** | § § | W-18-CR-054(3)-ADA |
| **UNITED STATES OF AMERICA** | § § | |

## ORDER

Before the Court is Movant's Motion to Appoint Counsel (#251). There is no constitutional right to have an attorney appointed when a prisoner collaterally attacks his conviction. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). On the other hand, this Court is permitted to appoint counsel to a person seeking relief under § 2255 where "the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(g). Additionally, an indigent prisoner has a statutory right to appointed counsel in § 2255 cases if an evidentiary hearing is required. Rule 8(c), Rules Governing Section 2255 Proceedings.

At this point, Hill has yet to file a motion pursuant to § 2255. Until such a motion can be reviewed to determine whether a hearing is required, a judge has discretion over whether to appoint counsel. At this time, the Court determines that an evidentiary hearing as provided by Rule 8 is not required. If, at a later date, the Court decides to hold an evidentiary hearing, the Court will appoint counsel to represent Movant.

It is therefore **ORDERED** that the Motion to Appoint Counsel (#251) is **DENIED**, subject to later appointment if it is determined that counsel is necessary.

**SIGNED** on September 15, 2020

                                                      _____
                                                      ALAN D ALBRIGHT
                                                      UNITED STATES DISTRICT JUDGE